# EXHIBIT A

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

JASON MANCO, individually and
on behalf of all others similarly situated,   **CLASS REPRESENTATION**

    Plaintiffs,   **JURY TRIAL DEMANDED**

v.

SOUTH FLORIDA STADIUM, LLC d/b/a
HARD ROCK STADIUM,

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff Jason Manco bring this class action against Defendant South Florida Stadium, LLC d/b/a Hard Rock Stadium, and allege as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

### NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendant for its failure to provide proper security and crowd control at the Copa America final held at Defendant's Hard Rock Stadium on July 14, 2024.

2. Defendant knew or should have known that added security and crowd control measures, including ensuring that individuals attending the event were verified ticket holders *before* being permitted to park their vehicles at the stadium, were necessary given the altercations that had occurred at prior Copa America events, including the match between Colombia and Uruguay.

1

3. Defendant also ignored warnings from CONMEBOL, the event's organizer, that additional security and crowd control measures were needed.

4. Defendant's negligence resulted in mobs of individuals with no tickets to be permitted entrance into the stadium by Defendant's security staff. Defendant's security staff then shut all entrances to the event and denied Plaintiff and thousands of Class Members entry into the event.

5. Plaintiff and the Class Members paid millions of dollars to attend the event and were denied access because of Defendant's negligent and wrongful acts.

6. Defendant disregarded the rights of Plaintiff and the Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable security measures.

7. Plaintiff brings this action on behalf of all persons who purchased tickets for the Copa America final and were denied entry by Defendant.

8. Plaintiff and Class members have suffered actual and imminent injuries as a direct result of Defendant's negligence, including: (a) all amounts paid by Plaintiff and the Class Members for event tickets totaling millions of dollars; (b) emotional distress; and (c) loss of the value of attending the event.

9. Plaintiff and Class Members seek actual damages and all other relief to be awarded by this Court and/or a jury.

**PARTIES**

10. Plaintiff Jason Manco is, and at all times relevant hereto was, a citizen and resident of Flushing, NY. Plaintiff purchased tickets to the Copa America final, attended the event, but was denied entry by Defendant's security personnel.

11. Defendant is, and at all times relevant hereto was, a Florida corporation with its principal place of business in Miami-Dade County, Florida.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

13. This Court has personal jurisdiction over Defendant under Florida Stat. § 48.193, because Defendant personally or through its agents operated, conducted, engaged in, or carried on a business or business venture in Florida; had offices in Florida; committed tortious acts in Florida; and/or breached a contract in Florida by failing to perform acts required by the contract to be performed in Florida.

14. Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because the cause of action accrued in this County.

## FACTS

15. Defendant owns and operates the Hard Rock Stadium where the Copa America final was held on July 14, 2024.

16. Plaintiff purchased two (2) tickets to the event for $5,486.94, but was denied access by Defendant's security personnel into the stadium and was not able to attend the event. Proof of Plaintiff's ticket purchase is attached as **Exhibit A**.

17. Defendant was contractually obligated to provide security and crowd control measures for the event.

18. Defendant knew or should have known that security and crowd control measures were of the upmost importance given recent altercations between fans, and even players, at prior Copa America events, including the match between Colombia and Uruguay.

19. Defendant was also notified by CONMEBOL that security would be an issue for the event and that individuals without tickets planned to show up at the event. Despite these warnings, all Defendant did was to post a few signs leading up to the event telling individuals that they needed tickets to attend.

20. Defendant ignored warnings and failed to use reasonable security procedures and practices suitable or adequate to protect Plaintiff and the Class Members, including by failing to:

    (a) provide sufficient security personnel for the event;

    (b) provide adequate crowd control measures;

    (c) ensure that only ticketholders were permitted to park their vehicles at the event;

    (d) adequately protect ticketholders to ensure they were allowed into the event; and

    (e) implement policies and procedures to prevent non-ticketholders from entering the event premises.

21. Had Defendant implemented adequate security and crowd control protocols, the injuries and damages to Plaintiff and the Class Members could have been avoided.

22. Defendant could have prevented the injuries and damages suffered by Plaintiff and the Class Members by properly securing the event.

23. Defendant's negligence in safeguarding the event is exacerbated by the warnings and alerts Defendant received prior to the event.

24. Defendant is a sophisticated stadium owner and operator that knew or should have known that of the risks to Plaintiff and the Class Members.

25. Despite the prevalence of public announcements and knowledge potential security issues, Defendant failed to take appropriate steps to protect Plaintiff and the Class Members.

26. At all relevant times, Defendant knew, or reasonably should have known, of the importance of safeguarding Plaintiff and the Class Members, and of the foreseeable consequences that would occur if Defendant's security was breached, including, specifically, the significant costs that would be imposed on Plaintiff and the Class Members.

27. The injuries to Plaintiff and the Class Members were directly and proximately caused by Defendant's failure to implement or maintain adequate security and crowd control measures for the event.

28. Plaintiff and Class Members have suffered actual injuries and damages as a direct result of Defendant's negligence, including monetary loss in the amounts paid to attend the event.

29. Plaintiff and the Class Members also experienced mental anguish and stress related to the improper crowd control measures that allowed mobs of non-ticketholders to swarm the gates of the event.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is defined as:

> **All ticketholders denied access to the Copa America final on July 14, 2024.**

31. Defendant and its employees or agents are excluded from the Class.

### NUMEROSITY

32. Preliminary reports place the number of the Class at approximately 7,000 individuals. The members of the Class, therefore, are so numerous that joinder of all members is impracticable.

**COMMON QUESTIONS OF LAW AND FACT**

33.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether and to what extent Defendant had a duty to protect Plaintiff and Class Members; [2] Whether Defendant failed to provide adequate security and crowd control measures at the event; [3] Whether Defendant failed to implement and maintain reasonable security procedures and practices; [4] Whether Plaintiff and the Class Members are entitled to actual, consequential, and/or nominal damages as a result of Defendant's negligence and wrongful conduct; and [5] Whether Plaintiff and the Class Members are entitled to restitution as a result of Defendant's negligence and wrongful conduct.

34.     The common questions in this case are capable of having common answers.  Plaintiff and the Class Members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

35.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

36.     Plaintiff is a representatives who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is

economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Negligence
### (On Behalf of Plaintiff and the Class)

39. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-38 as if fully set forth herein.

### Foreseeability

40. Prior to the incident, Defendant knew or should have known that:

   (a) Increased crowd control and security measures would be needed for the event given prior incidents that had occurred at other matches; and

   (b) Individuals planned to attend and enter the event without tickets.

### Duty, Breach, and Causation

41. Defendant benefited monetarily from the event and received a portion of Plaintiff's and the Class Members' ticket sales for hosting the event at its stadium.

42. Defendant assumed a duty to use reasonable care, including implementing reasonable security practices and procedures.

43. Defendant failed to use reasonable care, including by failing to:

   (a) provide adequate security at the event;

   (b) provide adequate crowd control measures;

   (c) ensure that only ticketholders were permitted to park their vehicles at the event;

   (d) adequately protect ticketholders to ensure they were allowed into the event; and

   (e) implement policies and procedures to prevent non-ticketholders from entering the event premises.

44. Under like circumstances, a reasonably careful person would have done the following:

   (a) Checked for tickets for each person in a vehicle *before* allowing the vehicle to park at the event;

   (b) Implemented fenced lines and multiple checkpoints approaching event entrances to ensure that only ticketholders were allowed access to the entrances; and

   (c) Dispatched a larger security force to ensure that only ticketholders approached and entered the event.

45. By failing to take the above security measures, Defendant breached duties to Plaintiff and the Class Members.

46. Defendant's negligence directly and in natural and continuous sequence produced or contributed substantially to producing Plaintiff's and Class Members' damages.

47. But for Defendant's negligence, the damages to Plaintiff and Class Members would not have occurred, and they would have been able to enter the event.

48. Defendant's negligence was a legal cause of the damages to Plaintiffs and Class Members.

## Damages

49. Plaintiff and Class Members have suffered actual injuries and damages as a direct result of Defendant's negligence, including monetary loss in the amounts paid to attend the event.

50. Plaintiff also experienced mental anguish and stress related to the improper crowd control measures that allowed mobs of non-ticketholders to swarm the gates of the event.

51. As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members are entitled to and demand actual, consequential, and nominal damages and injunctive relief to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, pray for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of damages, including actual, consequential, and nominal damages, as allowed by law in an amount to be determined;

c) An award of attorneys' fees, costs, and litigation expenses, as allowed by law;

d) Prejudgment interest on all amounts awarded; and

e) Such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

DATED: July 18, 2024

        Respectfully submitted,

        **HIRALDO P.A.**

        */s/ Manuel S. Hiraldo*
        Manuel S. Hiraldo, Esq.
        Florida Bar No. 030380
        401 E. Las Olas Boulevard
        Suite 1400
        Ft. Lauderdale, Florida 33301
        Email: mhiraldo@hiraldolaw.com
        Telephone: 954.400.4713

        **THE LAW OFFICES OF JIBRAEL S. HINDI**
        Jibrael S. Hindi, Esq.
        Florida Bar No. 118259
        110 SE 6th Street
        Suite 1744
        Ft. Lauderdale, Florida 33301
        *Counsel for Plaintiff*

# EXHIBIT A

## Billing Details

**Address**

JASON MANCO

███████████████

FLUSHING, NY 11355

**Order Total** $5486.94

**Need more help?** We're here for you.

**Contact Us**

As described in our *terms and conditions*, the seller may provide comparable or better tickets to the same event. Event times are subject to change; please check your local listings.